UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **YVONNE WILLIAMS** ) | |
| ) | **Case Number** |
| ) | |
| **Plaintiff** ) | |
| ) | |
| vs. ) | **CIVIL COMPLAINT** |
| ) | |
| **ASSET ACCEPTANCE, LLC** ) | |
| ) | **JURY TRIAL DEMANDED** |
| **Defendant** ) | |
| ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiff, Yvonne Williams by and through her undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

**I.   INTRODUCTORY STATEMENT**

1.   Plaintiff, Yvonne Williams, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"),  which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**II.  JURISDICTION**

2.   Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant maintains an office in this District and regularly transacts business in this District.

### III.  PARTIES

4. Plaintiff, Yvonne Williams is an adult natural person residing at 410 M Street SE, Apt 603, Washington, DC 20003.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Asset Acceptance, LLC ("Defendant"), at all times relevant hereto, is and was a Limited Liability Company engaged in the business of collecting debt within the State of New Jersey with an office located at 15 East Centre Street, Deptford, NJ 08096-2415.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7. In or around February 2010, Plaintiff began receiving calls for an alleged debt of $3341.41 due to GE Capital Montgomery Ward.

8. The Plaintiff has been receiving calls weekly from at least five different agents including a "Cindy" and "Nicole".

9. Different agents gave her different information from the alleged debt was from 1995 to another stating it was from 1996 and yet a third stating it was from 1997.

10. The Plaintiff is unsure of when the alleged debt is from since the agents are unclear in the information they have given to her.

11. Despite informing the Defendant that she was dealing with an illness and will be in and out of the hospital, they relentlessly continued to contact the Plaintiff.

12. The Plaintiff agreed to a payment plan of $25.00 a month.

13. The Plaintiff requested a letter from the Defendant to acknowledge the agreement in writing.

14. The Defendant claimed they have sent previous letters to the Plaintiff but that they must have had the "wrong" address.

15. The Plaintiff finally received a letter dated May 14, 2010 from the defendant acknowledging the agreement.  **See Exhibit "A" attached hereto.**

16. The Defendant continued to call and harass the Plaintiff for payments even after she received agreed to the payment plan and received the notice.

17. The Plaintiff received calls from the defendant nearly everyday from the time she received the notice until the present.

18. The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

19. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

20. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

21. As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – FDCPA

22. The above paragraphs are hereby incorporated herein by reference.

23. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(2): | Character, amount, or legal status of the alleged debt |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692g: | Failure to send the consumer a 30-day validation notice within five days of the initial communication |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Asset Acceptance, LLC. for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

### V. <u>JURY DEMAND</u>

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date:  June 1, 2010**     **BY:** _/s/ Bruce K. Warren_
Bruce K. Warren, Esquire

**BY:** _/s/ Brent F. Vullings_
Brent F. Vullings, Esquire

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800    Fax 215-745-7880
Attorneys' for Plaintiff